PER CURIAM. For the reasons stated in the opinion of Mr. Justice Williams in the case of Van Beuren v. Wotherspoon, 42 N. Y. Supp. 404 (decided herewith), the judgment appealed from should be reversed, and a judgment entered appointing a suitable person to appraise and value the lot and building, etc., as prayed in the complaint, with costs of the action and of the appeal.

---

VAN COTT et al., Respondents, v. MACKAY, Appellant. (Supreme Court, Appellate Division, Second Department. December 31, 1896.) Action by Joshua N. Van Cott, Jr., Alexander H. Van Cott, and Lincoln Van Cott, executors, etc., against Donald Mackay, executor, etc. No opinion. Order affirmed, with costs. See 39 N. Y. Supp. 1134.

---

VAN WERT, Appellant, v. ST. PAUL FIRE & MARINE INS. CO., Respondent. (Supreme Court, Appellate Division, Third Department. January 12, 1897.) Action by Emma Van Wert against the St. Paul Fire & Marine Insurance Company. No opinion. Judgment affirmed, with costs. All concur, except PUTNAM, J., dissenting. See 40 N. Y. Supp. 463.

---

WARE, Appellant, v. DOS PASSOS et al., Respondents. (Supreme Court, Appellate Division, First Department. January 15, 1897.) Action by William H. Ware against Benjamin F. Dos Passos and others. R. Weil, for appellant. S. G. Adams, for respondents. No opinion. Judgment affirmed, with costs.

---

WATKINSON, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by Mortimer S. Watkinson, administrator, etc., against the Long Island Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

WEIN et al., Respondents, v. MOONEY et al., Appellants. (City Court of New York, General Term. December 12, 1896.) Action by Henry Wein and others against George Mooney and others. K. Powell, for appellants. J. G. Ritter, for respondents. No opinion. Orders appealed from affirmed, with costs.

---

WHEELER, Respondent, v. WHEELER, Appellant. (Supreme Court, Appellate Division, Second Department. January 12, 1897.) Action by Julia McMahan Wheeler against John T. Wheeler. No opinion. Order modified by reducing counsel fee to $75, and alimony to $5 a week, and, as modified, affirmed, without costs. All concur, except CULLEN and BARTLETT, JJ., who vote for reversal.

---

WHELEN v. HALCOMB. (City Court of New York, General Term. December 12, 1896.)

John M. Gardner, for appellant. John Delahunty, for respondent.

VAN WYCK, C. J. The plaintiff's alleged cause was for services as a dressmaker, and for materials used in making dresses for defendant's wife, at his request, between September, 1894, and January, 1896, and the account between plaintiff and defendant, marked in evidence by defendant's consent, shows that between said dates he was charged with twenty-six items for dressmaking for his wife, aggregating $1,377.29, and was credited with twelve payments on account thereof, aggregating $707, leaving an unpaid balance of $670.29. It is in proof, and defendant admits, that he was willing that his wife should order dresses, for which he was originally liable to plaintiff, down to and including the items charged in the account in July, 1895, but that defendant then gave notice to the plaintiff that she must not do any work—dressmaking—for his wife on his account. So defendant, conceding his liability for items so charged, made dispute at trial as to the items charged on the account subsequent to July, and those subsequent items were for three dresses made for his wife, and for certain repairing and altering of dresses for her. The plaintiff admitted that defendant had then instructed her not to furnish anything more to his wife except upon his authority, and she testifies that the items subsequent to July were furnished upon his express request, and that he repeatedly promised to pay the balance as shown by the account; and plaintiff's bookkeeper testified that, when she asked the defendant for payment of the balance, he said to her that he had no work, and was unable to pay her, and that he then told plaintiff, "I told you not to make my wife any more dresses," and she said to him, "Your instructions were afterwards rescinded," and he said, "I admit that; I like to see her well dressed, and I like to have her have nice clothes." However, the defendant at trial denied that he had ever rescinded his instructions not to supply his wife except upon his authority, and that he had himself ordered any of the items charged. The case was properly sent to the jury to determine the disputed questions of fact, and their verdict for plaintiff will not be set aside. Judgment and order affirmed, with costs.

---

YELLOW PINE CO., Respondent, v. SAWYER, Appellant. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by the Yellow Pine Company against Flora Sawyer. No opinion. Orders affirmed, with $10 costs and disbursements in each case.

---

ZITTEL, Respondent, v. RICHTER, Appellant. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Wescott F. Zittel against Emma Richter, otherwise Emma Brocker. No opinion. Motion granted with $10 costs.

END OF CASES IN VOL. 42.